Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Cassandra Pérez<br><br>Apelante<br><br>Ex Parte | TA2026AP00255 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: AG2024CV00727<br><br>Sobre: Expediente de Dominio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de marzo de 2026.

Comparece la señora Cassandra Pérez (Sra. Pérez o parte apelante), quien nos solicita la revocación de la Sentencia emitida el 20 de enero de 2026[1], por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la petición de expediente de dominio radicada por la parte apelante.

Examinado el escrito apelativo, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso presentado por la Sra. Pérez, por los fundamentos que expondremos a continuación.

**I.**

Surge del expediente ante nuestra consideración que, el 20 de enero de 2026, el TPI emitió una Sentencia, notificada al día siguiente, en la cual declaró No Ha Lugar la petición de expediente

---

[1] Notificada el 21 de enero de 2026.

de dominio radicada por la Sra. Pérez. **Esta determinación se notificó a esta última y al fiscal de distrito.**

En desacuerdo, la apelante sometió una moción de reconsideración el 5 de febrero de 2026. Evaluados sus argumentos, 10 de febrero de 2026, el foro primario emitió una Orden, mediante la cual denegó la reconsideración peticionada. **No obstante, este dictamen no se notificó al Ministerio Público.**

Inconforme, el 10 de marzo de 2026, la Sra. Pérez recurrió ante este Tribunal de Apelaciones mediante un recurso intitulado Apelación Civil, en cual esbozó el siguiente señalamiento de error:

> *Erró el TPI al entender que es necesario presentar un asunto contencioso contra la persona quien aparece en el Registro de la Propiedad, como titular y todos los propietario* [sic] *intermedios a la peticionaria, aun cuando se presentaron todas las escrituras otorgadas.*

## II.

### A.

Es norma reiterada que, la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales debemos examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). Así pues, los foros adjudicativos no tenemos la discreción para asumir la jurisdicción en aquellos contextos en que no la tienen. *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 165 (2016); *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009). La ausencia de tal autoridad no es un asunto que pueda ser subsanado. *S.L.G. Szendrey-Ramos v. F. Castillo*, *supra*,

a la pág. 883. *Souffront v. A.A.A.,* 164 DPR 663 (2005). En tales casos, ostentamos facultad de desestimar el recurso de conformidad con la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA, In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, 215 DPR __ (2025).

**B.**

La Regla 47 de Procedimiento Civil, 32 LPRA, Ap. V, R. 47, preceptúa lo siguiente en torno a la solicitud de reconsideración y su efecto interruptor:

> *La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.*
>
> *La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.*
>
> *La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.*
>
> *Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.*
>
> *La moción de reconsideración se notificará a las demás partes en el pleito dentro de los quince (15) días establecidos por esta regla para presentarla ante el tribunal de manera simultánea. El término para notificar será de cumplimiento estricto.* (Citas omitidas).

Nótese que, los términos para acudir ante este foro apelativo intermedio quedarán interrumpidos hasta tanto el TPI archive en autos la copia de la notificación de la determinación. Regla 47 de Procedimiento Civil, *supra; Morales y otros v. The Sheraton Corp.,* 191 DPR 1, 7 (2014). Ahora bien, si la notificación es defectuosa,

priva de jurisdicción al foro revisor, puesto que el recurso presentado es prematuro. *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 538 (2019); *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). No obstante, "la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración". *Yumac Home v. Empresas Massó, supra.*

### C.

En nuestro ordenamiento jurídico, la adecuada no constituye una mera formalidad procesal, sino que es parte integral del debido proceso de ley. *Montañez Leduc v. Robinson Santana,* 198 DPR 543, 551 (2017). Así, pues, la correcta notificación es un imperativo constitucional, pues coloca a la parte contraria en conocimiento del recurso que solicita la revisión. *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). En vista de lo anterior, deben observarse rigurosamente las disposiciones reglamentarias respecto a la presentación de recurso en el foro apelativo. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011).

En consonancia con lo expuesto, la Regla 15 del Tribunal de Apelaciones, *supra,* dispone lo siguiente en torno a la notificación a las partes respecto al recurso apelativo radicado:

> *La parte apelante certificará al Tribunal de Apelaciones en el escrito de apelación el método mediante el cual notificó a las partes y el cumplimiento con el término dispuesto para esto. Toda comunicación electrónica entre los abogados y las abogadas de las partes, incluida la notificación de escritos presentados al tribunal, así como las comunicaciones entre los abogados y las abogadas de las partes y el tribunal, se realizará a la dirección de correo electrónico de estos y estas que consta en el RUA. La parte apelante podrá certificar al tribunal en una moción suplementaria cualquier cambio en cuanto a la certificación original, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación. El término dispuesto aquí será de cumplimiento estricto.*

De tal manera, dicha regla garantiza la adecuada notificación a la parte apelada en cuanto al recurso interpuesto ante este foro apelativo. Véase, *Soto Pino v. Uno Radio Group, supra,* a la pág. 90.

**III.**

Luego de evaluar detenidamente el expediente ante nos, resolvemos que carecemos de jurisdicción para atender el recurso de epígrafe. Surge del tracto procesal de este caso que, el foro primario emitió una Orden el 10 de febrero de 2026 respecto a la denegatoria de la reconsideración presentada por la apelante. Sin embargo, la referida determinación no se notificó al Ministerio Público, quien es parte en este proceso legal, de acuerdo con lo establecido en el Art. 185(2)(c) de la Ley de Registro de la Propiedad Inmobiliaria, Ley Núm. 210-2015, según enmendada, 30 LPRA sec. 6291. Ante la ausencia de dicha notificación, precisamos que no ha empezado a transcurrir el término de 30 días para recurrir a nivel apelativo. Por ende, estamos impedidos de activar nuestra jurisdicción.

Además de tal inobservancia, contemplamos, por otro lado, que la apelante tampoco sometió una certificación respecto a la notificación al Ministerio Público en cuanto a la presentación de su recurso, a tenor con la Regla 15 del Tribunal de Apelaciones, *supra.* En vista de ello, no podemos constatar si la fiscalía de distrito recibió una notificación adecuada en torno a la radicación del escrito de apelación.

En virtud de lo anterior, concluimos que el recurso presentado es prematuro, toda vez que aún no se ha notificado la determinación relativa a la solicitud de reconsideración sometida por la Sra. Pérez. En efecto, nos encontramos imposibilitados de asumir la jurisdicción, pues el término para recurrir ante este foro revisor apelativo aún no ha empezado a decursar. Por

consiguiente, desestimamos el recurso de epígrafe, de conformidad con la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de esta Sentencia, desestimamos el recurso presentado por la Sra. Cassandra Pérez, por falta de jurisdicción. En vista de ello, se devuelve el caso al foro primario para que notifique al Ministerio Público respecto a la Orden dictada el 10 de febrero de 2026, concerniente a la solicitud de reconsideración. Una vez se notifique dicha determinación, entonces empezará a decursar el término para recurrir a nivel apelativo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones